THE STATE, Appellant, v. MITCHELL, Respondent.

1. An indictment, founded on section 28 of article 8 of the act concerning crimes and punishments, (R. C. 1845, p. 404,) charging that the defendant did "wilfully and contemptuously disturb a *congration* of people met for religious worship," &c., is bad.

*Appeal from Laclede Circuit Court.*

William Mitchell was indicted, under section 28 of article 8 of the act of 1845, for disturbing religious worship. The indictment is as follows : " The grand jurors for the state of Missouri, empannelled, charged and sworn to inquire for the county of Laclede aforesaid, upon their oath present that William Mitchell, late of said county, on the tenth day of August, in the year of our Lord 1854, at the county of Laclede aforesaid, did then and there wilfully and contemptuously disturb a *congration* of people met for religious worship by making then and there a noise, and by rude and indecent behavior and profane discourse within their place of worship, and so near to the same as to disturb the order and solemnity of the meeting, against the peace and dignity of the state."

This indictment was quashed on motion of defendant. The State appealed.

*Ewing*, (attorney general,) for the State.

*S. W. Woods*, for respondent.

I. The indictment is bad for the reason that the language of the statute is not followed in describing the offence, in this that the word *congration* is not an English word. Records

State v. Mitchell.

and proceedings should be in the English language. (R. C. 1855, chap. 47, § 34; State v. Jones, 20 Mo. 61.) It is double and uncertain. (State v. Jane, a slave, 3 Mo. 45.)

SCOTT, Judge, delivered the opinion of the court.

There is no policy in encouraging carelessness or laxity in criminal pleadings. When any departure from the required form is tolerated, it, instead of being regarded as a beacon to warn the pleader of danger, is instantly seized upon as a precedent and urged as a reason why there should be a greater relaxation of the rule requiring the observance of forms. In this way the courts will be led step by step to the subversion of all order in the administration of the criminal code. When a man is called upon to defend himself against the charge of having violated the law, it is not unreasonable that he should require the accusation against him to be in sensible language.

The 33d section of the act to establish courts of record and prescribe their powers and duties enacts that "all writs, process, proceedings and records in any court shall be in the English language, (except that the proper and known names of process and technical words may be expressed in the language heretofore and now commonly used,) and shall be made out on paper or parchment in a fair, legible character, in words at length and not abbreviated; but such abbreviations as are commonly used in the English language may be used, and numbers may be expressed by Arabic figures, or Roman numerals, in the customary way."

The letters composing "congration" do not make an abbreviation commonly used in our language. Nor do they make an abbreviation which is commonly used for the word "congregation." If "congration" is not an abbreviation, then it is no word at all known to our language. It is well settled that offences must be described in the language of the statute by which they are created. It is an absurdity to say that a man disturbed a "congration" of people. It is, we conceive, no answer to the objection that we can conjecture what was intended by the pleader. The accused has a right

to have the accusation preferred against him in legal language before he is called upon to plead to it, and there is no propriety in indulging circuit attorneys in such gross carelessness, who, so far from profiting by their past errors, would have them all precedents for still greater errors. Judge Ryland concurring, the judgment will be affirmed; Judge Leonard absent.